

**U.S. Department of Justice**

*Leah B. Foley*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*       *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 7, 2025

Joshua Robert Hanye, Esq.
Federal Public Defender's Office
51 Sleeper Street
Boston, MA 02210

    Re:    <u>United States v. Craig Clayton</u>
           Criminal No. 23-cr-10223-RGS

Dear Counsel:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Craig Clayton ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

    1.    <u>Change of Plea</u>

Defendant will waive Indictment and plead guilty to counts one and two of the Information: conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), (a)(1)(B)(i); and obstruction of justice, in violation of 18 U.S.C. § 1512. Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties:

<u>Count One</u>: incarceration for 20 years, supervised release for three years, a fine of $500,000 or twice the value of the property involved in the money laundering conspiracy, a mandatory special assessment of $100, restitution, and forfeiture to the extent charged in the Information.

<u>Count Two</u>: incarceration for 20 years, supervised release for three years, a fine of $250,000, and a mandatory special assessment of $100.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of

any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. Sentencing Guidelines

The parties agree based on the following calculations, that Defendant's total "offense level" under the Guidelines is 31:

a) Defendant's base offense level is 8 (USSG § 2S1.1(a)(2));

b) Defendant's offense level is increased by 22, because the value of the laundered funds is more than $25,000,000 but not more than $65,000,000 (USSG §§ 2S1.1(a)(2), 2B1.1(b)(1)(L));

c) Defendant's offense level is increased by 4, because Defendant was in the business of laundering funds (USSG § 2S1.1(b)(2)(C));

d) Defendant's offense level is increased by 2, because Defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to Defendant's offense of conviction and any relevant conduct (USSG § 3C1.1);

e) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1); and

f) Defendant's offense level is decreased by 2, because Defendant has zero criminal history points and otherwise meets the criteria for the "zero-point offender" adjustment (USSG § 4C1.1).

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant

does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. Sentence Recommendation

The parties agree on the following sentence

a) Incarceration of no more than 78 months and no less than 30 months;

b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 36 months of supervised release;

d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e) restitution in the amount of $140,000 to be distributed as follows: $40,000 to be paid to Judith Isham Patterson (Carroll) and $100,000 to be paid to Central Bank of Warrensburg and any corporate successor; and

f) forfeiture as set forth in Paragraph 7.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

6. Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of a sentence within the range agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

    7.    <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

    a. $96,000 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment);

    b. 2016 Mercedes Benz VIN WDC0G4K.B9GF085486, seized on February 23, 2023 at 52 Parkside Drive, Cranston, RI;

    c. $138,773.01 U.S. currency from Navigant Credit Union account ending 9165, seized on March 1, 2023;

    d. $72,597.50 U.S. Currency from Navigant Credit Union account ending 4961, seized on March 1, 2023;

4

  e. $20,260.96 U.S. Currency from Navigant Credit Union account ending 8962, seized on March 1, 2023;

  f. $1,584.98 U.S. Currency from Navigant Credit Union account ending 5711, seized on March 1, 2023; and

  g. $990.00 U.S. Currency seized on February 23, 2023 at 52 Parkside Drive, Cranston, RI.

 Defendant admits that these assets are subject to forfeiture on the grounds that they were involved in Defendant's offense.

 Defendant also admits that $96,000 in United States currency is subject to forfeiture on the grounds that it is equal to the amount of money involved in Defendant's offense.

 Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts or omissions of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

 Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

 If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

 Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

 Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law

5

enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. <u>Sentence Transfer</u>

If the Defendant is eligible and applies to transfer his sentence to be served in the United Kingdom pursuant to the International Prisoner Transfer Program, the United States Attorney's Office for the District of Massachusetts agrees to take no position with respect to Defendant's transfer application, provided that the Defendant does not otherwise breach the plea agreement. Defendant acknowledges and understands, however, that the transfer decision rests in the sole discretion of the Office of International Affairs ("OIA") of the Criminal Division of the United States Department of Justice, and that the position of the United States Attorney's Office for the District of Massachusetts is neither binding nor determinative of the positions of other federal agencies or on the final transfer decision of OIA. Defendant further understands that in addition to OIA, federal law and the underlying transfer treaties require that the foreign government must also approve the transfer. The Defendant understands that should the United States Attorney's Office decide to oppose his application due to breach of his plea agreement, or if the Defendant is

6

otherwise denied acceptance into the transfer program for any reason, he will not be able to withdraw his plea of guilty.

12. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant United States Attorneys Kaitlin R. O'Donnell or Ian J. Stearns.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: _____
SETH B. KOSTO, Chief
Securities, Financial & Cyber Fraud Unit
KRISS BASIL, Deputy Chief
Securities, Financial & Cyber Fraud Unit

_____
KAITLIN R. O'DONNELL
IAN J. STEARNS
Assistant United States Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I received a prior offer to resolve this case in August 2023. I initially agreed to that offer and executed the plea agreement. I subsequently elected to withdraw my agreement.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Craig Clayton
Defendant

Date: February 26, 2025

I certify that Craig Clayton has read this Agreement and that we have discussed what it means. I believe Mr. Clayton understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney extended an offer in August 2023 regarding a change of plea in this case, which Craig Clayton initially agreed to and as to which he executed a plea agreement. He subsequently elected to withdraw his agreement.

_____
Joshua Robert Hanye, Esq.
Attorney for Defendant

Date: 2/27/25